IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BRADLEY DEMARAIS,<br><br>Defendant. | Case No. 1:21-cr-00130<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, hereby submits the following response in opposition to Defendant Jacob Demarais' motion to compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 75.) Defendant requests a reduction in sentence under the First Step Act for "extraordinary and compelling reasons" alleging he is needed as a caregiver for a stepfather and because he is also diagnosed with a medical condition that he claims the Bureau of Prisons ("BOP") is not providing care for.

The United States respectfully opposes such a motion because defendant has not met his burden of establishing that a sentence reduction is warranted. Additionally, a defendant is not entitled to a hearing in Section 3582(c) proceedings. Dillon v. United States, 560 U.S. 817, 827-28 (2010).

## PROCEDURAL HISTORY

Demarais was initially indicted with two (2) counts of distribution and possession of materials depicting the sexual exploitation of minors. (DOC. 13.) On March 10,

2023, the defendant, having pled guilty to count one of the Indictment, was sentenced by this Court to 72 months imprisonment with the BOP.

Demarais' underlying charges involved two separate, and independent, investigations. The first investigation involved Demarais communicating with an undercover agent from the Federal Bureau of Investigations ("FBI") using the KIK platform. (See Doc. 44, pp. 4-8.) Demarais sent the undercover agent images and videos depicting the sexual exploitation of minors and made several offers of $5,000 to the undercover agent in exchange for allowing Demarais to have sexual intercourse with the agent's fictitious nine (9) year old daughter. (Id.) At the same time, the North Dakota Bureau of Criminal Investigations ("NDBCI") was also investigating Demarais as a result of receiving a Cybertip report from the National Center for Missing and Exploited Children ("NCMEC") indicating that an account associated with Demarais was uploading videos and images of child sexual abuse.

A search of Demarais' residence yielded two Apple iPhones that contained images and videos of child sexual exploitation. (See Doc. 44, pp. 7-8.) Approximately 3,400 files depicting child sexual exploitation were recovered during a forensic search of the seized devices. (Id.) The images recovered indicated Demarais had a significant sexual attraction to images and videos depicting the sexual exploitation of toddlers aged victims.

Demarais did not appeal the sentence imposed in this matter, which itself was a significant variance from the guidelines range of 151-188 months.

Demarais now motions the Court for early release for compassionate reasons, suggesting that relief is appropriate due to him suffering from a diagnosed disease of

ulcerative colitis and further that release is necessary for him to care for an uncle that appears to be suffering from advanced stages of dementia or Alzheimer's disease.

## LAW AND ANALYSIS

### I. LEGAL STANDARD

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons" exist and a reduction is consistent with applicable policy statements of the Sentencing Commission. Id. § 3582(c)(1)(A)(i).

Under 18 U.S.C. § 3582(c)(1)(A), if a defendant meets their administrative exhaustion requirement, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

On April 28, 2023, the Sentencing Commission voted to promulgate several amendments to the policy statement, U.S.S.G. § 1B1.13, that governs motions for compassionate release.[1] The amended policy statement expands the list of circumstances that may qualify as "extraordinary and compelling," and addresses additional medical and family circumstances that may warrant release.

---

[1] See https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf

Specific to defendant's request, the Sentencing Commission's proposed amendments would modify the "Family Circumstances" category under U.S.S.G. § 1B1.13(b)(3) to provide "extraordinary and compelling reasons" for the following:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

This Court has explained: "[t]he common legal definition of extraordinary is 'beyond what is usual, customary, regular, or common' while a compelling need is defined as 'so great that irreparable harm or injustice would result if [the relief] is not [granted].'" United States v. Burbidge, No. 1:15-cr-172, 2019 WL 4863481, at *4 (D.N.D. Oct. 10, 2019). The defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(a)(2). And a court must consider whether the 18 U.S.C. § 3553(a)

factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under § 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

### A.    Administrative Exhaustion

It is not clear whether Demarais' motion is timely as he submitted an administrative request for compassionate release to the warden of his facility. According to (Doc. 75-1), Demarais, through counsel, submitted an administrative request for a reduction in sentence/compassionate release to the warden for his facility on November 14, 2023. To date BOP has no documentation that the warden responded to the request; however, Demarais' request appears to be well over 30-days without a response from the warden, which would make this request timely for lack of BOP response.

Title 18 U.S.C. § 3582(c)(1)(A) allows a district court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The 18 U.S.C. § 3582(c) requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a request to the warden before seeking judicial relief is mandatory and must be enforced by the Court. In this case Demarais has met his 30-day exhaustion requirement which then gives this Court jurisdiction to consider a motion for reduction of sentence. However, the United

States maintains that Demarais has not shown any extraordinary or compelling circumstances that warrant a reduction in sentence or compassionate release.

### B. Defendant has Failed to Articulate an Extraordinary and Compelling Reason Warranting Compassionate Release.

In Demarais' motion, he requests compassionate release based upon his stepfather being in need of a caregiver and that he has no one to take care of him. (Doc. 75.) USSG § 1B1.13 indicates two things that must be present for a defendant to be released, which are that the person in need must be a **parent** and that the defendant would be the **only available caregiver** for the parent. (Emphasis added).

Demarais, outside a few letters of support from individuals that appear to be themselves capable of providing Mark Fairchild the possible care he needs, has not presented any evidence that supports this circumstance to warrant a sentence reduction. He has not provided any medical records or documentation to describe this person's current physical condition, medical diagnosis or prognosis, nor any physician's statement or documentation of any kind describing Mark Fairchild's incapacitation or incognizance. There has been no supporting documentation from experts to verify Mark Fairchild's incapacitation or need for a caregiver. As such, there is no support or evidence that supports the request for a reduced sentence.

In sum, Demarais has failed to demonstrate the incapacitation of a "parent" and has not met the grounds specified in the policy statement and has failed to clear the high bar of "extraordinary and compelling reasons" that would warrant a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (noting the burden is on the

defendant to establish a sentence reduction is warranted under § 3582(c)(2)). Demarais has not provided any support as to how he is even qualified to care for a person suffering from what we can only guess are significant cognitive diseases. Demarais' letters of support provide this Court with only two things; one, there are other family members that can provide care to Mark Fairchild or two, that Mark Fairchild likely is in need of placement at an assisted living facility.

Moreover, Demarais offers the Court no cognizable release plan other than to be released to Mark Fairchild's residence under house arrest until February 2028. No work plan, no indication of how Demarais would support himself, no indication that Demarais would have access to medical care himself, nothing has been provided to even remotely support release under these conditions.

### C. A Sentence Reduction is not Consistent with the Factors Set Forth in § 3553(a).

Demarais' request for a sentence reduction should be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(1)(B)(2).

This Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). As previously stated, this Court imposed a 72-month sentence commensurate with the underlying offense. This sentence was imposed to reflect the seriousness of his

underlying offense, to promote respect for the law and to provide just punishment for his violations. Demarais would pose a danger to public safety if released based on the nature of his offenses, which included receiving and distributing images depicting the sexual exploitation of minors as young as toddler aged and attempting to engage in commercial sex acts with a nine (9) year old in exchange for $5,000.

### D. Demarais' claims that the BOP has provided insufficient medical care in lieu of his ulcerative colitis diagnoses is not supportable by his own BOP medical records.

Demarais asserts he suffers from a medical condition as further consideration for compassionate release; however, he has failed to demonstrate that he has any actual medical conditions that satisfy the requirements for compassionate release. While Demarais' medical history confirm he suffers from ulcerative colitis, the BOP's medical review indicates that the BOP is well aware of the condition and has provided all necessary treatments and medications necessary.

Demarais' BOP medical records indicate he made no complaints or concerns of the BOP's inability to manage his ulcerative colitis to the BOP, BOP is aware of his condition, is providing the appropriate medication (Mesalamine), and is also scheduling colonoscopies to monitor the diagnosed disease. (See United States Exhibit 1, BOP medical records of Demarais). At no time in Demarais' interactions with BOP medical personnel has he recorded complaints that he is unable to manage day-to-day life in prison with the disease. (Id.) In fact, in Demarais' June 1, 2023, appointment with medical personnel, the defendant reported his last "last colonoscopy approx. 10yrs ago.

He felt he was asymptomatic, and remained untreated until 2021, at which time he was started on Mesalamine. He denies abdominal pain or blood in stool." (Id.)

Demarais' BOP medical records clearly do not support his position that ulcerative colitis prevents him from caring for himself on a day-to-day basis while incarcerated with the BOP and that the BOP is providing adequate care for Demarais.

## CONCLUSION

For the aforementioned reasons, Demarais has failed to satisfy any grounds constituting compelling or extraordinary reasons to justify compassionate relief and Demarais' diagnosed ulcerative colitis is being managed well by BOP medical staff. As such, this Court should deny the defendant's motion for compassionate release and/or any reduction in sentence.

Dated:  February 20, 2024

                                  MAC SCHNEIDER
                                  United States Attorney

By:   */s/ Gary L. Delorme*
        GARY L. DELORME
        Assistant United States Attorney
        655 First Avenue North
        Fargo, ND  58102
        (701) 297-7441
        ND Bar Board ID No. 05845
        Gary.delorme@usdoj.gov
        Attorney for United States