UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Case No. 1:21-cr-130 |
| JACOB BRADLEY DEMARAIS. | ) | |

**REPLY TO RESPONSE TO
MOTION FOR COMPASSIONATE RELEASE**

Jacob Bradley Demarais ("Demarais"), by and through the undersigned counsel, respectfully submits this reply to the United States' response to Demarais' motion for compassionate release. (ECF 79).

The Government argues that Demarais has not shown that his stepfather's health is so poor that it requires Demarais to serve as the only caregiver. (ECF 78 at 6-7). The Government also asserts that Demarais has not shown that he is qualified to care for his stepfather or that he has a sufficient release plan. (ECF 78 at 7). The Court should reject these arguments. Demarais provided medical records with his motion which indicate that his stepfather suffers from multiple sclerosis. *See*, Sealed Exhibit 2 at pg. 3. Additionally, Demarais

submitted letters from his family which describe in detail Mark Fairchild's deteriorating condition. *See*, Exhibit 2. This is sufficient evidence, under a preponderance standard, to satisfy the requirements of U.S.S.G. § 1B1.13(b)(3)(C)-(D) & (b)(5). Notably, the Government does not dispute that Fairchild suffers from a progressive, debilitating disease. Also, the Government has not put forward any evidence to rebut the evidence Demarais has presented. Argument is not evidence.

Additionally, in *United States v. Bennett*, No. 5:20-cv-00857, 2024 U.S. Dist. LEXIS 3204 (N.D. Ohio Jan. 8, 2024), the court granted compassionate release to a defendant based on the family caregiver guideline recently adopted by the Sentencing Commission. The defendant's mother could not:

> eat, move, or take care of herself on her own due to her medical conditions. In November 2023, Linda attempted to bathe herself, but could not get up from the shower floor by herself for over five hours. Now, Linda is essentially confined to her couch, as she cannot walk or go up the stairs to her bed without falling.

*Bennett*, 2024 U.S. Dist. LEXIS 3204, at *5. The court found the defendant's mother's medical conditions "incapacitating for the purposes of § 1B1.13(b)(3)(C)." The court also noted the lack of consistent caregiver

availability. *Id*. The facts of *Bennett* are very close to what is at issue in Demarais' case. The court should follow *Bennett*.

Moreover, contrary to the Government's argument, Demarais has put forward a sufficient release plan. The purpose of release is not for Demarais to home working in the community – it is to take care of his stepfather who is able to provide financial support for both of them. The primary basis for the request is so Demarais can take on the herculean task of taking care of a sick parent.

Finally, the Court should find that the public would not be jeopardized if release is granted and that release is consistent with the § 33553 factors. The Government contends the protection of the public would be impinged, but this argument is belied by the lengthy period of pre-trial release Demarais served—without incident—and the successful sex offender treatment he has already underwent. Demarais has already addressed, in his original motion, why a sentence reduction to time served followed by a lengthy period of home confinement would be "sufficient but not greater than necessary" under § 3553. The Court should find that—in this specific circumstance—the proposed sentence

reduction and modification of the term of supervised release would be consistent with § 3553.

The Government also takes issue with Demarais' claim that BOP's failure to provide Demarais with specialized care, including an appropriate diet, places Demarais squarely "*at risk* of serious deterioration in health." U.S.S.G. § 1B1.13(b)(1). The Government seems to be arguing that Demarais needs to wait until his health is, in fact, seriously deteriorated before qualifying under this portion of § 1B1.13. But that is not how the Guideline reads. Instead, it focuses on care, and the lack thereof, that puts a defendant "*at risk* of serious deterioration in health." U.S.S.G. § 1B1.13(b)(1). The Government has offered no evidence that the BOP's treatment of Demarais is not putting him at risk of serious deterioration in health. Accordingly, the Court should find that this is an additional extraordinary and compelling reason for release.

Respectfully submitted,

<u>/s/Brandon Sample</u>
Brandon Sample
Brandon Sample PLC
1701 Pennsylvania Ave. N.W. # 200
Washington, DC 20006
Tel: 202-990-2500
Fax: 202-990-2600
E-mail: brandon@brandonsample.com