IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jacob Bradley Demarais,<br><br>Defendant. | Case No. 1:21-cr-00130 |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

[¶1]  THIS MATTER comes before the Court on the Defendant's Motion for Compassionate Release filed on January 19, 2024. Doc. No. 75. The United States filed a Response on February 20, 2024. Doc. No. 79. The Defendant filed a Reply on March 12, 2024. For the reasons set forth below, the Motion for Compassionate Release is **DENIED**.

### DISCUSSION

[¶2]  As an initial matter, the Court may only consider a motion from the Defendant if he has exhausted all his administrative rights to appeal the Bureau of Prison's failure to bring a motion "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There is no dispute thirty days have lapsed since the Defendant submitted his request to the warden of his facility. Accordingly, this Court has jurisdiction to consider the Motion.

[¶3]  The Defendant asks this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contends he has presented extraordinary and compelling reasons justifying his early release because he needs to care for his stepfather who suffers from multiple sclerosis and there are no

other reasonably available caregivers for him. The Defendant also claims his ulcerative colitis constitutes extraordinary and compelling reasons for release because it is a medical condition requiring long-term or specialized care not being provided by the Bureau of Prisons ("BOP"). He argues the BOP does not give him a Mediterranean diet needed to treat his condition. Considering the factors under 18 U.S.C. § 3553(a), the Defendant argues he participated in sex offender therapy prior to sentencing which found he was a low risk for reoffending. He also argues the need for just punishment can be satisfied by requiring home detention for the remainder of his custodial sentence.

[¶4]   The United States argues the Defendant has failed to show extraordinary and compelling reasons warrant compassionate release. As to caring for the Defendant's stepfather, the United States argues Section 1B1.13, U.S.S.G., requires the individual be a parent of the Defendant and that he is the only available caregiver. Because the Defendant's stepfather is not his parent and it appears he has siblings who can provide care for his father, the United States argues these are not extraordinary and compelling reasons for compassionate release. As to his medical condition, the United States points out the BOP is aware of the condition and is providing appropriate medication for the Defendant's care. Turning to the factors under 18 U.S.C. § 3553(a), the United States contends the Defendant still poses a public safety danger under the facts and circumstances of the case.

[¶5]   After considering the factors set forth under 18 U.S.C. § 3553(a), the Court can reduce a defendant's sentence if there are "extraordinary and compelling reasons" that "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[S]uch a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Sims, 87 F.4th 917, 919 (8th Cir. 2023). In determining whether to release a defendant

under Section 3582(c)(1)(A) of the United States Code, the Court must conduct an individualized inquiry into the factors set forth in 18 U.S.C. § 3553(a). The Policy Statement from the United States Sentencing Commission define extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b). Such reasons include when the Defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." Id. at 1B1.13(b)(1)(B). The Policy Statement also states "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" constitutes extraordinary and compelling reasons.

[¶6]   The Court has considered the entire record in this case, including the medical records provided by the Defendant for himself and his stepfather (Doc. Nos. 74, 74-1, 74-3), support letters (Doc. No. 75-2), BOP records (Doc. No. 75-3), BOP National Menu (Doc. No. 75-4), and the Defendant's BOP medical records (Doc. No. 80). Even if the Defendant has met his burden to show extraordinary and compelling circumstances, the factors under 18 U.S.C. § 3553(a) weigh against early release for several reasons.

[¶7]   While the Court appreciates the Defendant's completion of sex offender treatment prior to sentencing, the Defendant has not availed himself of sex offender treatment while in custody. The record shows he has taken classes in how the stock market works, basic math, entrepreneurship, climate change, and exercise, nutrition, and sports while in BOP custody, the Defendant has not taken further steps to further his sex offender treatment. See Doc. No. 75-3, p. 2. In addition, the Defendant has served only approximately thirteen (13) months of his seventy-two (72) month sentence. See Doc. No. 64 (Judgment filed March 10, 2023, imposing a seventy-two (72) month prison sentence). Given the nature and circumstances of the offense and the Defendant's failure to

continue with sex offender treatment while in custody and having served only a fraction of his sentence, the Defendant still poses a danger to the community.

[¶8]   At this time, the imprisonment time served by the Defendant is not a sufficiently just term of incarceration given the crime to which the Defendant pled guilty, namely, distribution of images depicting the sexual exploitation of children. The Defendant's Guidelines range was 151 to 188 months imprisonment. He was sentenced to less than half of the low end of the Guidelines. The sentence imposed reflects the seriousness of the underlying offense, respect for the law, and provides just punishment. Reducing his sentence to time served this early into serving his sentence, even if the circumstances he presents to the Court are extraordinary and compelling, would circumvent the purpose of sentencing as set forth at Section 3553(a). Accordingly, on consideration of the entire record in this matter and the factors under 18 U.S.C. § 3553(a), a sentencing reduction is not justified at this time. See United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021) (finding no abuse of discretion when the Court concluded even if the defendant met his burden of showing extraordinary and compelling reasons, several of the factors under Section 3553(a) still weighed heavily against release).

## CONCLUSION

[¶9]   For the reasons set forth above, the Defendant's Motion for Compassionate Release is **DENIED**.

[¶10]   **IT IS SO ORDERED.**

DATED April 23, 2024.

Daniel M. Traynor, District Judge
United States District Court