IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACOB BRADLEY DEMARAIS,<br><br>Defendant. | Case No. 1:21-cr-00130<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE** |

The United States of America, by Jennifer K. Puhl, Acting United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, hereby submits the following response in opposition to Defendant Jacob Demarais' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 85.) Defendant, again, requests a reduction in sentence under the First Step Act for "extraordinary and compelling reasons" alleging he is needed as a caregiver for his stepfather and because he is also diagnosed with a medical condition that he claims the Bureau of Prisons ("BOP") is not providing care for.

The United States respectfully opposes such a motion because defendant has not met his burden of establishing that a sentence reduction is warranted. Additionally, a defendant is not entitled to a hearing in Section 3582(c) proceedings. Dillon v. United States, 560 U.S. 817, 827-28 (2010).

## PROCEDURAL HISTORY

Demarais was initially indicted with two (2) counts of distribution and possession of materials depicting the sexual exploitation of minors. (Doc. 13.) On March 10, 2023,

the defendant, having pled guilty to count one of the Indictment, was sentenced by this Court to 72 months imprisonment with the BOP. (Doc. 64.)

Demarais' underlying charges involved two separate, and independent, investigations. The first investigation involved Demarais communicating with an undercover agent from the Federal Bureau of Investigations ("FBI") using the KIK platform. (See Doc. 44, at ¶¶ 4-8.) Demarais sent the undercover agent images and videos depicting the sexual exploitation of minors and made several offers of $5,000 to the undercover agent in exchange for allowing Demarais to have sexual intercourse with the agent's fictitious nine (9) year old daughter. (Id.) At the same time, the North Dakota Bureau of Criminal Investigations ("NDBCI") was also investigating Demarais as a result of receiving a Cybertip report from the National Center for Missing and Exploited Children ("NCMEC") indicating that an account associated with Demarais was uploading videos and images of child sexual abuse.

A search of Demarais' residence yielded two Apple iPhones that contained images and videos of child sexual exploitation. (See Doc. 44, at ¶¶ 7-8.) Approximately 3,400 files depicting child sexual exploitation were recovered during a forensic search of the seized devices. (Id.) The images recovered indicated Demarais had a significant sexual attraction to images and videos depicting the sexual exploitation of toddler-aged victims.

Demarais did not appeal the sentence imposed in this matter, which itself was a significant variance from the guidelines range of 151-188 months.

On January 19, 2024, after not even serving one full year of his sentence, Demarais filed his first motion for compassionate release offering that he was needed as

a caregiver for his stepfather, Mark Evans Fairchild, and that the BOP was not providing proper medical care for his previously diagnosed condition of ulcerative colitis. (Doc. 75.) The Court denied Demarais' Motion for Compassionate Release on April 23, 2024. (Doc. 84.)

Demarais again motions the Court for early release for compassionate reasons, reraising the same issues previously raised. (Doc. 85.)

## LAW AND ANALYSIS

### I.  LEGAL STANDARD

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons" exist and a reduction is consistent with applicable policy statements of the Sentencing Commission. Id. § 3582(c)(1)(A)(i).

Under 18 U.S.C. § 3582(c)(1)(A), if a defendant meets their administrative exhaustion requirement, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

On April 28, 2023, the Sentencing Commission voted to promulgate several amendments to the policy statement, USSG § 1B1.13, that governs motions for

3

compassionate release.[1] The amended policy statement expands the list of circumstances that may qualify as "extraordinary and compelling," and addresses additional medical and family circumstances that may warrant release.

Specific to defendant's request, the Sentencing Commission's proposed amendments would modify the "Family Circumstances" category under USSG § 1B1.13(b)(3) to provide "extraordinary and compelling reasons" for the following:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

This Court has explained: "[t]he common legal definition of extraordinary is 'beyond what is usual, customary, regular, or common' while a compelling need is defined as 'so great that irreparable harm or injustice would result if [the relief] is not [granted].'" United States v. Burbidge, No. 1:15-cr-172, 2019 WL 4863481, at *4

---

[1] See https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230405_prelim-RF.pdf

(D.N.D. Oct. 10, 2019). The defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(a)(2). And a court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under § 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

A.   **Administrative Exhaustion**

It is not clear whether Demarais' motion is timely.  BOP records indicate, as it relates to this motion, no administrative request for compassionate release to the warden of his facility being submitted.  According to (Doc. 85-1), Demarais, through counsel, submitted an administrative request for a reduction in sentence/compassionate release to the warden for his facility on November 14, 2023, which was related to his first motion.

Demarais does not indicate or suggest that the request for release was resubmitted to the BOP.  Because it was not resubmitted, neither the United States nor the Court is afforded the opportunity to review what assessment the BOP would have made regarding the request under either circumstance.  As such, Defendant appears not to have exhausted the administrative remedies available to him.

Title 18 U.S.C. § 3582(c)(1)(A) allows a district court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The 18 U.S.C. § 3582(c) requirement that a defendant either exhaust administrative appeals or wait 30 days after presenting a request to the warden before seeking judicial relief is mandatory and must be enforced by the Court. Demarais has not met his 30-day exhaustion requirement.

Regardless of his failure, the United States maintains that Demarais has again not met his burden of showing any extraordinary or compelling circumstance that warrants a reduction in sentence or compassionate release.

### B. Defendant has Failed to Articulate an Extraordinary and Compelling Reason Warranting Compassionate Release.

In Demarais' motion, he requests compassionate release based upon his stepfather needing a caregiver and that he has no one to take care of him. (Doc. 85.) USSG § 1B1.13 indicates two things that must be present for a defendant to be released, which are that the person in need must be a **parent** and that the defendant would be the **only available caregiver** for the parent.  (Emphasis added).

Demarais has not presented any evidence that supports this circumstance to warrant a sentence reduction.  While he has provided a physician's statement describing Mark Fairchild's incapacitation or incognizance.  (Doc. 85-1.)  The same letter appears to indicate that Mark Fairchild has other family members available who have been checking on him.  Demarais provides no letters or affidavits from Mark Fairchild's

family members indicating their inability to care for him. As such, there is no support or evidence that supports the request for a reduced sentence.

Demarais has failed to demonstrate the incapacitation of a "parent" and has not met the grounds specified in the policy statement and has failed to clear the high bar of "extraordinary and compelling reasons" that would warrant a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (noting the burden is on the defendant to establish a sentence reduction is warranted under § 3582(c)(2)). Demarais has not provided any support as to how he is even qualified to care for a person suffering from ailments described by his stepfather's doctor.

Moreover, Demarais offers the Court no cognizable release plan other than to be released to Mark Fairchild's residence under house arrest until February 2028. No work plan, no indication of how Demarais would support himself, no indication that Demarais would have access to medical care himself, nothing has been provided to even remotely support release under these conditions.

More importantly, Demarais may not be allowed to reside with Mark Fairchild by United States Parole and Probation as Mark Fairchild was accused and charged with felony sexual assault of a student at the school where he taught science in 2002. See United States Exhibit 1 – Grand Rapids Herald Review Article Dated August 23, 2002 - https://www.grandrapidsmn.com/news/teacher-faces-sex-charge/article_634aec90-9318-5803-956e-aa0fb72ce604.html. Records indicate that Fairchild plead guilty to the offense of Second Degree Felony Sexual Assault and was sentenced to a deferred

imposition for a period of 5 years.  See United States Exhibit 2 – National Crime Information Center Records * filed under seal of the Court.[2]

### C. A Sentence Reduction is not Consistent with the Factors Set Forth in § 3553(a).

Demarais' request for a sentence reduction should be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(a)(1)(B)(2).

This Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). As previously stated, this Court imposed a 72-month sentence commensurate with the underlying offense. This sentence was imposed to reflect the seriousness of his underlying offense, to promote respect for the law and to provide just punishment for his violations.  Demarais would pose a danger to public safety if released based on the nature of his offenses, which included receiving and distributing images depicting the sexual exploitation of minors as young as toddler aged and attempting to engage in commercial sex acts with a nine (9) year old in exchange for $5,000.

---

[2] Pages 1-4 of the report were not included as those pages contain the personal identifying information of a similarly named person, but who is not related to the defendant or his stepfather.

### D. Demarais' claims that the BOP has provided insufficient medical care in lieu of his ulcerative colitis diagnoses is not supportable by his own BOP medical records.

Demarais asserts he suffers from a medical condition as further consideration for compassionate release; however, he has failed to demonstrate that he has any actual medical conditions that satisfy the requirements for compassionate release. While Demarais' medical history confirms he suffers from ulcerative colitis, the BOP's medical review indicates that the BOP is well aware of the condition and has provided all necessary treatments and medications.

Demarais' BOP medical records indicate he made no complaints or concerns of the BOP's inability to manage his ulcerative colitis to the BOP, BOP is aware of his condition, is providing the appropriate medication (Mesalamine), and is also scheduling colonoscopies to monitor the diagnosed disease. (See Doc. 86-1, p. 228.) At no time in Demarais' interactions with BOP medical personnel has he recorded complaints that he is unable to manage day-to-day life in prison with the disease. (Id.) In fact, as recently as January 2025 Demarais reported no issues related to his ulcerative colitis and presented that his condition is under control with the medications provided. (Id.)

While claiming lack of colonoscopy as reason for early release, it should be strongly noted that the defendant reported his last colonoscopy was in 2011, which is 12 years prior to his federal imprisonment. (Id. at p. 232.)

Demarais' BOP medical records clearly do not support his position that ulcerative colitis prevents him from caring for himself on a day-to-day basis while incarcerated with the BOP or that the BOP is not providing adequate care for Demarais. If anything,

Demarais' own malingering in taking his prescribed medications is more detrimental to his health than the lack of a colonoscopy. (Id. at p. 160.)

## CONCLUSION

For the aforementioned reasons, Demarais has failed to satisfy any grounds constituting compelling or extraordinary reasons to justify compassionate relief and Demarais' diagnosed ulcerative colitis is being managed well by BOP medical staff. As such, this Court should deny the defendant's motion for compassionate release and/or any reduction in sentence.

Dated: June 12, 2025

            JENNIFER KLEMETSRUD PUHL
            Acting United States Attorney

By: */s/ Gary L. Delorme*
   GARY L. DELORME
   Assistant United States Attorney
   655 First Avenue North
   Fargo, ND  58102
   (701) 297-7441
   ND Bar Board ID No. 05845
   Gary.delorme@usdoj.gov
   Attorney for United States