IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                          Plaintiff,<br><br>vs.<br><br>Jacob Bradley Demarais,<br><br>                                          Defendant. | Case No. 1:21-cr-00130 |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

[¶1]   THIS MATTER comes before the Court on the Defendant's Motion for Compassionate Release filed on May 30, 2025. Doc. No. 85. The United States filed a Response on June 12, 2025. Doc. No. 87. The Defendant has not filed a Reply. For the reasons set forth below, the Motion for Compassionate Release is **DENIED**.

[¶2]   The Court may only consider a motion for compassionate release if a defendant has exhausted the appeal process of the Bureau of Prison's failure to bring a requested motion "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court does not need to decide whether the Defendant complied with this timeframe because his request fails regardless.

[¶3]   The Defendant received a seventy-two (72) month sentence after pleading guilty to Distribution of Images Depicting the Sexual Exploitation of Children. Doc. No. 64. This is the Defendant's second request for compassionate release. See Doc. Nos. 75, 85. His current arguments are virtually identical to his first request, which was denied. See Doc. No. 84.

[¶4] After considering the factors set forth under 18 U.S.C. § 3553(a), the Court can reduce a defendant's sentence if there are "extraordinary and compelling reasons" that "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). "[S]uch a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Sims, 87 F.4th 917, 919 (8th Cir. 2023). The Policy Statement from the United States Sentencing Commission define extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b). Such reasons include when the Defendant is suffering from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." Id. at § 1B1.13(b)(1)(B). "The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may also be extraordinary and compelling reasons. Id. at § 1B1.13(b)(3)(C). The Court must also conduct an individualized inquiry into the factors set forth in 18 U.S.C. § 3553(a). Defendants bear the burden of proving a sentencing reduction is warranted. United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022).

[¶5] The Defendant first argues the BOP has not provided necessary medical care for his ulcerative colitis. The medical records the Defendant has provided establish he is receiving treatment for ulcerative colitis. See Doc. No. 86-1. There is nothing in the record to suggest his medical care while with the BOP is inadequate. The Defendant has, therefore, failed to meet his burden to show a reduction in sentence is warranted. See Avalos Banderas, 39 F.4th at 1062.

[¶6] Second, he argues he needs to be released to care for his ailing stepfather. The Guideline specifically limits its application to the care of a parent, not a stepparent. U.S.S.G. § 1B1.13(b)(3)(C). Furthermore, the Defendant has failed to show he is the only available caregiver as required. Id. Indeed, the Doctor's note in the record suggests there are other family members he

is consulting regarding his stepfather. Doc. No. 86-2. The Defendant has, therefore, failed to meet his burden to show a sentencing reduction is warranted. See Avalos Banderas, 39 F.4th at 1062.

[¶7] Even if the Defendant met his burden, the factors under 18 U.S.C. § 3553(a) weigh against early release. The Defendant continues to avoid sex offender treatment while in custody and has not served even half of his sentence to date. See Doc. No. 64 (Judgment filed March 10, 2023, imposing a seventy-two (72) month prison sentence). The Defendant's seventy-two (72) month prison sentence was less than half the Guidelines' range, which was 151 to 188 months. Given the serious nature of the offense and his refusal to participate in sex-offender treatment while in custody, the sentence imposed reflects due consideration 18 U.S.C. § 3553(a) factors.

[¶8] For the reasons set forth above, the Defendant's Motion for Compassionate Release is **DENIED**.

[¶9] **IT IS SO ORDERED.**

DATED September 22, 2025.

Daniel M. Traynor, District Judge
United States District Court