1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-00130 |
| Plaintiff, | |
| | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR THE COURT TO ISSUE A "RECOMMENDATION" TO THE BUREAU OF PRISONS REGARDING THE DEFENDANT'S DETERMINED COMMUNITY RELEASE DATE** |
| v. | |
| JACOB BRADLEY DEMARAIS, | |
| Defendant. | |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney, responds in opposition to the Defendant's request for the Court to issue an Order recommending the Bureau of Prisons ("BOP") release the Defendant to a community placement earlier than was determined by BOP officials and experts.

The Defendant, in his motion (Doc. 90), does not provide the Court with any legal authority to grant such a motion. Defendant has not done so because the Defendant has no legal approach for the relief he seeks. He has not filed the motion as a motion for compassionate release and rightly so, as he appears to have no basis to support such a motion. He cannot seek relief pursuant to Federal Rules of Criminal Procedure ("FRCP") Rule 35, as it would be untimely and he has provided no basis for this rule to provide authority. The Defendant's motion provides no indication that he is seeking relief relevant to 28 U.S.C. § 2255 and such a motion would be untimely/unsupported given the nature of the motion filed. Finally, the Defendant has not provided the Court with any reason or basis to modify his sentence pursuant to 18 U.S.C. § 3582(c).

Because the Defendant provides the Court with no legal authority to reduce or modify his sentence, his motion must be denied.  *See United States v. Wheeler,* No. 4:09-CR-455, 2011 WL 2415158 (E.D. Mo. June 13, 2011).

This Court determined that a sentence of 72 months imprisonment was appropriate in this matter.  (Doc. 68.)  In doing so, the Court remanded the defendant to custody of the BOP.  Pursuant to 18 U.S.C. § 3621, the responsibility of where the Defendant was housed and what treatment and/or rehabilitative resources would be made available statutorily fell to the BOP to determine. That includes the determination of when and if early release into the community would occur. *Id.* The BOP, in fulfilling these statutory requirements, has created teams of people that review and analyze numerous factors in making such determinations.

While an individual defendant may not like the BOP's determination, the BOP has the ultimate authority to make such determinations.  The BOP's decision to release Demarais to community placement six months early, prior to the fulfillment of his sentence, is an individualized determination that should be left to the agency's discretion pursuant to § 3621. All the favorable factors Demarais refers to in his motion were certainly available to the BOP when it determined a placement to a Residential Reentry Center ("RRC') six months prior to completion of sentence.

Moreover, since the BOP makes the ultimate determination in placements – including RRC placements – Demarais should have directed his request for modification to the BOP directly.  Demarais's motion does not indicate any such petition was made to the Warden at FCI Elkton, Ohio, or to his case management team.

2

For the reasons stated above, the United States requests the Court deny the

defendant's motion.

Dated: April 21, 2026

NICHOLAS W. CHASE
United States Attorney

By:    /s/ *Gary L. Delorme*
GARY L. DELORME
Assistant United States Attorney
ND Bar ID 05845
655 First Ave. N. Ste. 250
Fargo, ND 58102
(701) 530-2420
gary.delorme@usdoj.gov
Attorney for United States

3