**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jacob Bradley Demarais,<br><br>Defendant. | Case No. 1:21-cr-00130 |

**ORDER DISMISSING MOTION FOR RRC RECOMMENDATION**

[¶1]   THIS MATTER comes before the Court on the Defendant's Motion for RRC Recommendation filed by the Defendant on April 13, 2026. Doc. No. 90. The United States filed a Response on April 21, 2026. Doc. No. 91. The Defendant filed a Reply on May 4, 2026.

[¶2]   The Defendant asks the Court to recommend placement at a residential re-entry center ("RRC") prior to his estimated release date of February 28, 2027. The Government resists the motion arguing the Bureau of Prisons has the sole discretion for the Defendant's place of incarceration.

[¶3]   The Defendant has not provided any legal basis to bring this motion. This is not a motion for compassionate release; not a motion under Rule 35 of the Federal Rules of Criminal Procedure; nor is it a motion under 28 U.S.C. § 2255. Instead, this appears to be a motion brought under 28 U.S.C. § 2241 challenging his confinement. A petition challenging the execution of a sentence, however, must be brought in the district where the Defendant is actually located. Matheny v. Morrison, 307 F.3d 709 (8th Cir. 2002) (citing Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995)) ("A petitioner may attack the execution of his sentence through § 2241 in the district where

he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court."); see also United States v. Chacon-Vega, 262 Fed. Appx. 730, 731 (8th Cir. 2008) ("Further, a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated."). An inmate search of the Bureau of Prisons website shows the Defendant is currently located at Minneapolis RRM, a residential reentry management field office. To the Court's knowledge, he is not currently in the District of North Dakota. Accordingly, this Court lacks jurisdiction over the Motion.

[¶4]    For the reasons set forth above, the Defendant's Motion for RRC Recommendation is **DISMISSED without prejudice** for lack of jurisdiction. The Defendant may refile his Motion in the District of Minnesota.

[¶5]    **IT IS SO ORDERED.**

DATED July 21, 2026.

Daniel M. Traynor, District Judge
United States District Court